Hass v. Meyer.

---

No. 25,777.

C. A. HASS, *Appellee,* v. (AUGUST MEYER et al., Defendants)
F. A. STEGEMAN, *Appellant.*

SYLLABUS BY THE COURT.

EVIDENCE—*Promissory Note—Oral Contract Contradicting Indorsement.* A contemporaneous oral contract cannot be proved to modify or contradict the contract expressed in the indorsement of a promissory note.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed March 7, 1925. Affirmed.

*Thomas L. Bond,* of Salina, for the appellant.
*H. C. Tobey,* of Salina, and *J. F. Tillman,* of Osborne, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment on two promissory notes against Aug. Meyer, as maker, and against the Kansas Auto Sales Company and F. A. Stegeman, as indorsers. Stegeman appeals.

The notes were executed by Aug. Meyer to the Kansas Auto Sales Company, who indorsed them and placed them in the hands of Stegeman, who indorsed them and negotiated them to the plaintiff. The notes were not paid, and this action was commenced to recover on them.

Stegeman's defense was that at the time he negotated the notes to the plaintiff it was orally agreed between them that they would share equally in any profits or losses that might result from the purchase of the notes by the plaintiff. Evidence was introduced which tended to prove that defense. At the conclusion of the evidence, on the application of the plaintiff, the court instructed the jury to return a verdict in favor of the plaintiff for the amount of the notes. Such a verdict was returned, and judgment was rendered accordingly.

It is argued that the oral agreement between Stegeman and the plaintiff was a collateral one and did not modify, change, alter or contradict the written contracts contained in Stegeman's indorsements on the notes. The contracts contained in those indorsements rendered him liable to the plaintiff for the whole amount of the notes. (R. S. 52-605.) The oral contract, as contended for by Stegeman, was that he was to be liable to the plaintiff for but one-half of the losses that might be sustained on the notes. If the oral contract were good, it would change the written contracts contained in his indorsements.

In *Blair v. McQuary,* 106 Kan. 710, 189 Pac. 948, this court used the following language:

"The rule is once more followed that prior or contemporaneous conversations or oral statements cannot be used to overturn or impair the obligations of a promissory note or its indorsements."

In *Bank v. Bank,* 116 Kan., 303, 226 Pac. 998, the court said:

"Where a bank disposed of its excess loans, evidenced by negotiable promissory notes, by selling and delivering them duly indorsed, without recourse, to another bank in which it maintained a credit account, and its account was credited therewith, parol evidence was inadmissible to prove an agreement between the banks, prior to such disposition of the notes, that if they were not paid at maturity the indorsee would have the right to charge the notes against the indorsing bank's credit account and return the notes to the indorsee."

The judgment is affirmed.